United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MYSPACE, INC.,

       Plaintiff,

  v.

GRAPHON CORPORATION,

       Defendant.
_____/

CRAIGSLIST, INC.

       Plaintiff,

  v.

GRAPHON CORPORATION,

       Defendant.
_____/

No. C-10-0604  EDL
No. C-10-1156  EDL
Consolidated actions

CASE MANAGEMENT AND
SCHEDULING ORDER

    Following the Case Management Conference held on June 22, 2010 , pursuant to Fed. R. Civ. P. 16,  IT IS ORDERED THAT the following case management and pretrial order is entered:

    1.    <u>PATENT LOCAL RULE EXCHANGES AND CLAIM CONSTRUCTION</u>

        a.    Disclosure of asserted claims and infringement contentions and document production pursuant to Patent L.R. 3-1 and 3-2 shall be made by June 25, 2010.

  b Patent L.R. preliminary invalidity contentions and L.R. 3-4 document production are due no later than July 30, 2010.

  c. Patent L.R. 4-1 exchange of proposed terms and claims elements for construction shall occur no later than August 13, 2010.

  d. Patent L.R. 4-2 exchange of preliminary claim constructions and extrinsic evidence shall occur no later than August 27, 2010.

  e. The parties shall file a Patent L.R. 4-3 joint claim construction statement no later than September 28, 2010.

  f. Claim construction discovery shall be completed by October 28, 2010.

  g. Last day for each party alleging infringement to serve and file an opening claim construction brief no later than November 12, 2010.

  h. An opposition claim construction brief shall be filed and served no later than December 17, 2010.

  i. A reply claim construction brief shall be filed and served no later than January 7, 2011.

  j. The Court will hold a claim construction hearing on February 2, 2011 at 9:00 a.m.

2. <u>DISCOVERY</u>

  a. Depositions: The parties stipulate that (a) depositions of corporate representatives of the other side pursuant to Fed. R. Civ. P. 30(b)(6) shall be limited to 14 hours for each Plaintiff by GraphOn (with MySpace and Fox Audience Network counted as a single Plaintiff) and 21 hours of GraphOn to be used jointly by Plaintiffs, and the deposition of each individual 30(b)(6) witness shall be limited to seven (7) hours, unless the parties agree otherwise; (b) GraphOn on the one hand, and all Plaintiffs together, on the other hand, shall each be permitted to take a maximum of 40 hours of depositions of party fact witnesses; (c) no person (excluding legal entities, such as corporations or companies) may be deposed for more than seven (7) hours, unless the parties agree otherwise; (d) no personal deposition of the 30(b)(6) designee may duplicate the 30(b)(6) topics for that designee; (e) no current limits be placed on the number of third-party depositions that the parties may take in the case, but the parties reserve the right to move for any protective order on any of the above issues.

      b.    Requests for Admission: Each party may propound no more than 50 requests for admission, except that there shall be no limits on the number of requests for admission relating to the authenticity of documents, the publication dates of documents, or dates that publications were made publicly available.

      c.    Interrogatories: GraphOn shall be permitted to serve no more than 25 interrogatories on each Plaintiff, and each Plaintiff shall be permitted to serve no more than 15 interrogatories on GraphOn, with Plaintiffs as a group permitted to serve an additional 20 interrogatories on issues common to all Plaintiffs.

      d.    Requests for Production: Each party may issue no more than 50 requests for production to any other party.

      e.    In responding to requests for documents and materials under Rule 34 of the Federal Rules of Civil Procedure, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced <u>all</u> such materials so described that are locatable after a diligent search of <u>all</u> locations at which such materials might plausibly exist.

      f.    The parties agree to the following: (a) the parties not preserve voice or text messages, instant messages, or voicemail; (b) the parties use client identifiers and/or bates stamping to designate their respective clients' documents produced in the course of discovery; and (c) all discovery provided by GraphOn in prior litigation in which GraphOn has asserted some or all of the patents asserted in this case shall be produced in this case.

      g.    Expert-related discovery shall be limited to the final expert reports, as well as any and all documents, materials, and/or other information the experts reviewed in reaching their opinions (whether affirmative or rebuttal opinions), except as otherwise provided herein. The following shall be produced on the date expert disclosures are due: (a) expert reports that satisfy Federal Rule of Civil Procedure 26(a)(2), and (b) any documents, materials and/or other information the experts reviewed in reaching their opinions, except as otherwise provided in this stipulation. To the extent any such documents, materials, and/or other information already has been produced in the litigation, the producing party may instead produce a schedule listing such documents and

information by Bates number and any other information sufficient to identify the document and its location.  The parties and experts need not retain, produce or testify about drafts of the required expert reports (or related demonstratives and exhibits), other work product prepared by or for the experts or their staff, or notes, emails or other communications made in connection with the drafting of the reports.  The parties will meet and confer regarding the time limits for expert witness depositions after expert disclosures have been made.

        h.      All productions of documents, including electronic documents, will be produced in a format agreed to amongst the parties.  Copies of electronic documents in their native format may be made available on a case-by-case basis.  The parties will confer in good faith regarding the production of electronic documents in their native format and will seek court intervention only when it becomes clear that the parties are at an impasse.  The parties agree that the circumstances of this case do not warrant the preservation, review, or production of electronically stored information that is not reasonably accessible because it is unlikely that significant relevant information would be located in those sources that is not otherwise available in reasonably accessible sources. Moreover, that remote possibility is substantially outweighed by the burden and cost of preservation and/or review and production of ESI from these sources.  The parties agree, without prejudice to any party's rights regarding other sources of data, that the following ESI is not reasonably accessible:

- Backup tapes
- Voicemail
- Instant messaging
- Legacy data
- Residual, fragmented, damaged, permanently deleted, slack and unallocated data
- Handheld PDA-type devices
- USB flash drives
- Personal data of parties' employees or data housed on their personal equipment.

4

3.  MOTIONS

The hearing on GraphOn's Motion to Realign Parties and Set Order of Proof and Plaintiffs' Motion for an Early Hearing on Equitable Conduct is scheduled for **July 15, 2010 at 9:30 a.m.** Graphon's Reply shall be due on June 29, 2010 and Plaintiff's Reply shall be due on June 30, 2010.

The hearing on Plaintiff's Motion for Summary Judgment is scheduled for **September 30, 2010 at 9:30 a.m.** Defendant's opposition shall be filed by August 3, 2010. Defendants' reply brief shall be filed September 3, 2010.

Finally, to the extent that the parties have stipulated to certain items in their joint case management statement not discussed above, these are hereby incorporated into this Order.

Dated: July 1, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge