Christopher Kao (SBN 237716)
Brian Hennessy (SBN 226721)
J. Patrick Corrigan  (SBN 240859)
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
Telephone:   (650) 838-4300
Facsimile:   (650) 838-4350
E-mail:      Ckao@perkinscoie.com
             BHennessy@perkinscoie.com
             PCorrigan@perkinscoie.com

Attorneys for Plaintiff and Counterclaim Defendant
craigslist, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| craigslist, Inc., a Delaware corporation,<br><br>             Plaintiff,<br><br>   v.<br><br>GraphOn Corporation, a Delaware corporation,<br><br>             Defendant. | **Case No.  CV-10-00604 EDL**<br>**Case No.  CV-10-01156 EDL**<br>**Consolidated Actions**<br><br>**STIPULATED PROTECTIVE ORDER** |
| GraphOn Corporation, a Delaware corporation,<br><br>         Counterclaim Plaintiff,<br><br>   v.<br><br>craigslist, Inc., a Delaware corporation,<br><br>         Counterclaim Defendant. | |

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order (the "Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1      Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3      Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4      Designated House Counsel:  House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5      Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery or filings with the Court in this matter.

2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of competitive harm.

2.9    <u>"HIGHLY CONFIDENTIAL – SOURCE CODE"  Information or Items</u>: sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of competitive harm.

2.10    <u>House Counsel</u>:  attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party. Outside Counsel of Record include the attorneys' support staff.

2.13    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

STIPULATED PROTECTIVE ORDER

2.14    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

-4-                                CV-10-00604 EDL

STIPULATED PROTECTIVE ORDER

1   order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all

2   claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

3   the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

4   including the time limits for filing any motions or applications for extension of time pursuant to

5   applicable law.

6       5.      DESIGNATING PROTECTED MATERIAL

7       5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party

8   or Non-Party that designates information or items for protection under this Order must take due

9   care to limit any such designation to material that qualifies under the appropriate standards.

10      If it comes to a Designating Party's attention that information or items that it designated

11  for protection do not qualify for protection at all or do not qualify for the level of protection

12  initially asserted, that Designating Party should promptly notify all other parties that it is

13  withdrawing the mistaken designation.

14      5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order

15  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

16  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

17  designated before the material is disclosed or produced.  However, a Party may subsequently

18  designate material for protection if it comes to that Party's attention that Disclosure or Discovery

19  Material qualifies for protection.  Such later designation shall have the same effect as if it was

20  made before the Disclosure or Discovery Material was disclosed or produced.

21      Designation in conformity with this Order requires:

22      (a)     for information in documentary form (e.g., paper or electronic documents, but

23  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

24  Party affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS'

25  EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to the protected document.

26  A Plaintiff may also add an additional legend, "HIGHLY CONFIDENTIAL - GRAPHON'S

27  ATTORNEYS' EYES ONLY."  GraphOn, in addition to observing all of the conditions

28

1    associated with documents marked HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,

2    shall not provide documents so marked to the non-designating Plaintiffs.  For purposes of this

3    provision, Fox Audience Network, Inc. shall be regarded as a "Plaintiff."

4         A Party or Non-Party that makes original documents or materials available for inspection

5    need not designate them for protection until after the inspecting Party has indicated which

6    material it would like copied and produced.  During the inspection and before the designation, all

7    of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

8    ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

9    copied and produced, the Producing Party must determine which documents, or portions thereof,

10   qualify for protection under this Order.  Then, before producing the specified documents, the

11   Producing Party must affix the appropriate legend "CONFIDENTIAL," or "HIGHLY

12   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

13   CODE" to such documents.

14        (b)      for testimony given in deposition or in other pretrial or trial proceedings, that the

15   Designating Party identify, within 30 days, all protected testimony and specify the level of

16   protection being asserted.

17        Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

18   other proceeding to include Protected Material so that the other parties can ensure that only

19   authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

20   (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

21   shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

22   CONFIDENTIAL – ATTORNEYS' EYES ONLY."

23        Transcripts containing Protected Material shall have an obvious legend on the title page

24   that the transcript contains Protected Material.  Any transcript that is prepared before the

25   expiration of the 30-day period for designation shall be treated during that period as if it had been

26   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

27

28

otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

6.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1      <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.

6.2      <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The parties shall attempt to resolve each challenge in good faith, including by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient). In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3      <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Pending the resolution of any challenge, all parties shall continue to afford the material in

STIPULATED PROTECTIVE ORDER

question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 16 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, or a person whose words or acts are referenced in the document.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed.

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items Experts.

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written notice to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding four years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 10 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.    SOURCE CODE

(a)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and shall additionally be protected in accordance with subparagraph (b) below.

(b)    To the extent that any party wishes to obtain access to source code, the following procedures shall apply:

i.    The Producing Party shall make all properly requested source code available for inspection on one stand-alone, non-networked personal computer running a reasonably current version of the Microsoft Windows operating system ("Source Code Computer").  Should it be necessary, the Source Code Computer may be configured by the Producing Party to run on other mutually agreed upon operating systems, such as Linux.  The Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.

ii.    The Producing Party shall make the source code available in its native format in a secure room at a secure facility at a location agreed to by the Producing and Receiving Parties.  The Producing Party shall make the source code available in such a way that the produced source code reflects the file structure of the source code as it is maintained by the Producing Party at the time of production of the source code.

iii.    The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.  Upon request by the Receiving Party, the Producing Party shall cease looking at the computer screen being viewed by the Receiving Party while the Receiving Party is reviewing the source code.

STIPULATED PROTECTIVE ORDER

iv.      The Receiving Party may use appropriate tool software on the Source Code Computer, which shall be installed by the Producing Party, including text editors and multi-file text search tools such as "grep."  Should it be necessary, other mutually agreed upon tools may be used.  Licensed copies of agreed upon tool software shall be downloaded and installed on the Source Code Computer by the Producing Party, and paid for by the Receiving Party.  In no event shall the Receiving Party use any compilers, interpreters or simulators in connection with the Producing Party's source code.

v.      The Source Code Computer shall be made available from 9 am to 5 pm local time, Monday through Friday (excluding holidays), and other days and/or times upon reasonable request until the end of trial.

vi.      At least three business days before the first inspection of the Source Code Computer, the Receiving Party shall give counsel of the Producing Party notice of its intention to inspect.  At least twenty-four hours before each inspection thereafter, the Receiving Party shall give counsel of the Producing Party notice of its intention to inspect.  The Receiving Party shall give three business days' notices for the first inspection after the close of discovery.

vii.      The Receiving Party shall identify all individuals who need access to the source code under paragraph 7.3(b) above at least three days prior to the first inspection by such individuals; after that identification, the Producing Party may object to providing source code access to any persons so identified.  The Receiving Party shall limit to two the number of its Experts who may have access to the source code under paragraph 7.3(b) above.  However, the Producing Party shall discuss in good faith if the Receiving Party requests access for additional Experts.

viii.      Proper identification of all authorized persons shall be provided prior to any access to the secure facility or the Source Code Computer.  Proper identification is hereby defined as a photo identification card sanctioned by the government of a U.S. state, by the United States federal government, or by the nation state of the authorized person's current citizenship.

1    Access to the secure facility or the Source Code Computer may be denied, at the discretion of the

2    Producing Party, to any individual who fails to provide proper identification.

3              ix.      The Receiving Party may request paper copies of limited portions of source

4    code that are reasonably necessary for the preparation of court filings, pleadings, expert reports,

5    or other papers, or for deposition or trial, but shall not request paper copies for the purposes of

6    reviewing the source code other than electronically as set forth above.  The Producing Party shall

7    provide all such source code in paper form including bates numbers and the label "HIGHLY

8    CONFIDENTIAL - SOURCE CODE."  The Producing Party may challenge the amount of source

9    code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set

10   forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving

11   Party is the "Designating Party" for purposes of dispute resolution.

12             x.       All printed source code shall be logged by the Receiving Party to facilitate

13   the destruction certification as described in subparagraph xii below.  The Receiving Party shall

14   maintain all paper copies of any printed portions of the source code in a secured, locked area. The

15   Receiving Party shall not create any electronic or other images of the paper copies and shall not

16   convert any of the information contained in the paper copies into any electronic format. The

17   Receiving Party shall only make additional paper copies if such additional copies are (1)

18   necessary to prepare court filings, pleadings, or other papers (including a testifying expert's

19   expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its

20   case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the

21   end of each day and must not be given to or left with a court reporter or any other unauthorized

22   individual.

23             xi.      No outside electronic devices, including but not limited to laptops, floppy

24   drives, zip drives, or other hardware shall be permitted in the secure room.  Nor shall any cellular

25   telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders,

26   Dictaphones, telephone jacks or other devices be permitted inside the secure room.  The

27   Producing Party must make a telephone available in the secure room for the use (including long-

28

distance calls) by the reviewer(s) of the source code.  The Producing Party must also give the
reviewer of the source code instructions on how to operate the telephone if requested.  The
Producing Party must keep and be responsible for the items prohibited in this section and may not
inspect the prohibited items in any way.  The Producing Party must keep and allow the use of the
items prohibited in this section in a place that is in close proximity to the secure room.  The
Parties shall meet and confer in good faith regarding exceptions to this provision at the Receiving
Party's request.

    xii.  Within sixty (60) days after the issuance of a final, non-appealable decision
resolving all issues in the case, the receiving party must either serve upon the Producing Party, or
certify the destruction of, all paper copies of the Producing Party's source code as well as
documents, pleadings, reports, and notes reflecting or referring to such source code.

    xiii.  Access to and review of the source code shall be strictly for the purpose of
investigating the claims and defenses at issue in the above-styled case.  No person shall review or
analyze any source code for purposes unrelated to this case.

    xiv.  Nothing herein shall be deemed a waiver of a Party's right to object to the
production of source code.  Absent a subsequent and specific court order, nothing herein shall
obligate a Party to breach any third party license agreement relating to such source code.

    xv.  The Parties further acknowledge that some or all of the source code may be
owned by non-Parties and outside a Party's possession, custody or control.  Nothing herein shall
be deemed a waiver of any non-Party's right to object to the production of source code or object
to the manner of any such production.

   9.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
     OTHER LITIGATION</u>

   If a Party is served with a subpoena or a court order issued in other litigation that compels
disclosure of any information or items designated in this action as "CONFIDENTIAL," or
"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL
– SOURCE CODE" that Party must:

1       (a)     promptly notify in writing the Designating Party;

2       (b)     promptly notify in writing the party who caused the subpoena or order to issue in

3 the other litigation that some or all of the material covered by the subpoena or order is subject to

4 this Protective Order; and

5       (c)     cooperate with respect to all reasonable procedures sought to be pursued by the

6 Designating Party whose Protected Material may be affected.

7       If the Designating Party timely seeks a protective order, the Party served with the

8 subpoena or court order shall not produce any information designated in this action as

9 "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

10 "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from

11 which the subpoena or order issued, unless the Party has obtained the Designating Party's

12 permission.  The Designating Party shall bear the burden and expense of seeking protection in

13 that court of its confidential material – and nothing in these provisions should be construed as

14 authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

15 another court.

16      10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

17           IN THIS LITIGATION

18       (a)     The terms of this Order are applicable to information produced by a Non-Party in

19 this action and designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –

20 ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such

21 information produced by Non-Parties in connection with this litigation is protected by the

22 remedies and relief provided by this Order.  Nothing in these provisions should be construed as

23 prohibiting a Non-Party from seeking additional protections.

24       (b)     In the event that a Party is required, by a valid discovery request, to produce a

25 Non-Party's confidential information in its possession, and the Party is subject to an agreement

26 with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

27

28

STIPULATED PROTECTIVE ORDER

1        1.      promptly notify in writing the Requesting Party and the Non-Party that

2    some or all of the information requested is subject to a confidentiality agreement with a Non-

3    Party;

4        2.      promptly provide the Non-Party with a copy of the Stipulated Protective

5    Order in this litigation and the relevant discovery request(s).

6        11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

7        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

8    Material to any person or in any circumstance not authorized under this Stipulated Protective

9    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

10   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

11   Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

12   made of all the terms of this Order, and (d) request such person or persons to execute the

13   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

14       12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

15               PROTECTED MATERIAL

16       When a Producing Party gives notice to Receiving Parties that certain inadvertently

17   produced material is subject to a claim of privilege or other protection, the obligations of the

18   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

19   provision is not intended to modify whatever procedure may be established in an e-discovery

20   order that provides for production without prior privilege review.  Pursuant to Federal Rule of

21   Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

22   communication or information covered by the attorney-client privilege or work product

23   protection, the parties may incorporate their agreement in the stipulated protective order

24   submitted to the court.

25       13.     PROSECUTION BAR

26       Any Protected Material provided by a Producing Party is automatically subject to a

27   PROSECUTION BAR. Any person who receives a document designated subject to the

28

-16-                                CV-10-00604 EDL
STIPULATED PROTECTIVE ORDER

PROSECUTION BAR may not participate, directly or indirectly, or prosecute, supervise, or assist in the prosecution, preparation, or amending of any patent claim or application on behalf of any party—other than the Producing Party of the Protected Material — involving the particular technology or information disclosed in the Protected Material from the time of receipt of such information through and including one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action.  In addition to and notwithstanding the preceding sentence, any person subject to the PROSECUTION BAR shall not draft or assist in the drafting of any claim or amendment to any claim of the patent-in-suit pursuant to a re-examination proceeding for a period ending one (1) year after the final resolution of this litigation (including any appeals); otherwise, participation, including but not limited to the discharge of the duty of candor and good faith, in re-examination proceedings is permitted.

14.     WITHHOLDING AND REDACTION

(a)     A Producing Party need not list in any such log or produce any documents created after the start of the present litigation that reflect attorney-client communications related to the present litigation or contain work product related to the present litigation.  Additionally, a Producing Party need not list in any such log or produce any documents created in anticipation of and related solely to the present litigation.

15.     MISCELLANEOUS

15.1     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

15.2     Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

15.3    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

16.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

October 20, 2010

**PERKINS COIE LLP**

By: /s/ Christopher Kao
      Christopher Kao (SBN 237716)
      CKao@perkinscoie.com

Attorneys for Plaintiff and Counterclaim Defendant
craigslist, Inc.

October 20, 2010

**COVINGTON & BURLING LLP**

By: /s/ Kevin B. Collins
      Kevin B. Collins (admitted *pro hac vice*)
      KCollins@cov.com

Attorneys for Plaintiff and Counterclaim Defendant
MySpace, Inc. and Fox Audience Network, Inc.

October 20, 2010

**WATSON ROUNDS**

By: /s/ Michael Rounds
      Michael Rounds (SBN 133972)
      MRounds@watsonrounds.com

Attorneys for Defendant and Counterclaim Plaintiff
GraphOn Corporation

    I, Christopher Kao, hereby attest, pursuant to N.D. Cal. General Order No. 45, that the concurrence to the filing of this document has been obtained from each signatory hereto.

October 20, 2010

**PERKINS COIE LLP**

By: /s/ Christopher Kao
      Christopher Kao (SBN 237716)
      CKao@perkinscoie.com

Attorneys for Plaintiff and Counterclaim
Defendant
craigslist, Inc.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: October 26, 2010

Honorable Judge Elizabeth D. Laporte

1    <u>EXHIBIT A</u>

2    <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3    I, _____ [print or type full name], of

4    _____ [print or type full address], declare under penalty of perjury that I

5    have read in its entirety and understand the Stipulated Protective Order that was issued by the

6    United States District Court for the Northern District of California on _____ [date] in the

7    following cases, which have been consolidated: *craigslist v. GraphOn Corporation*, CV-10-1156

8    (EDL) and *MySpace, Inc. v. GraphOn Corporation*, 10-CV-0604 (EDL).  I agree to comply with

9    and to be bound by all the terms of this Stipulated Protective Order and I understand and

10   acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

11   of contempt.  I solemnly promise that I will not disclose in any manner any information or item

12   that is subject to this Stipulated Protective Order to any person or entity except in strict

13   compliance with the provisions of this Order.

14        I further agree to submit to the jurisdiction of the United States District Court for the

15   Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

16   Order, even if such enforcement proceedings occur after termination of this action.

17        I hereby appoint _____ [print or type full name] of

18   _____ [print or type full address and telephone

19   number] as my California agent for service of process in connection with this action or any

20   proceedings related to enforcement of this Stipulated Protective Order.

21

22   Date: _____

23   City and State where sworn and signed: _____

24

25   Printed name: _____

26

27   Signature: _____

28

-21-                                                CV-10-00604 EDL
STIPULATED PROTECTIVE ORDER